MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

STACEY P. GEIS (CABN 181444)
Assistant United States Attorney

   450 Golden Gate Ave., Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7200
   Fax: (415) 436-7234
   E-Mail: stacey.geis@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br>   v. <br> RANDALL ASH, <br>     Defendant. | No. CR 13-00317 EMC <br><br> [~~PROPOSED~~] DETENTION ORDER |

**INTRODUCTION**

This matter came before this Court after pretrial release requested an arrest warrant for Randall Ash ("Ash" or "defendant") based on alleged violations of pretrial release. Ash was arrested on June 18, 2013. A bail review hearing was held in front of this Court on June 21, 2013.

For the reasons stated below and orally at the June 21 hearing, the Court orders that the defendant's bail is revoked and the defendant is ordered detained until further notice. The Court finds that defendant has failed to rebut the presumption that there is no condition or combination of conditions that will reasonably assure the safety of the community.

///

**PROCEDURAL HISTORY**

Ash was indicted on May 16, 2013 for possession and receipt of child pornography. He self-surrendered and appeared in front of this Court on May 21, 2013. At that time, Ash was released on several conditions of release, including a $100,000 unsecured bond; mandatory electronic monitoring; no access to the Internet; and not committing any other federal, state, or local crime.

On June 2, 2013, the case agent in this matter was contacted regarding downloads of child pornography that a Sonoma County sheriff had undertaken from a computer that was directly connected to Ash's residence. Specifically, on May 23 and May 26, 2016 respectively, the sheriff was able to download four separate videos of child pornography involving prepubescent children. Further investigation uncovered that on May 25, 2013, a person at Ash's residence was reviewing child pornography on the Ares peer-to-peer network using the same user name, *okxxxman@ares*, that Ash had admitted in December 2012 was his user name. A search warrant executed on June 18, 2013 at Ash's residence uncovered a computer that contained images of child pornography in the computer's shared folder and deleted folder. During the search warrant, Ash said to his wife, in the presence of agents, that he could not stop looking at child pornography.

**REASONS FOR DECISION**

**I.    APPLICABLE STANDARD OF REVIEW AND BURDEN OF PROOF.**

Where the defendant has been found to have violated a release condition, a reviewing Court may revoke his release and detain the defendant after a hearing, if the Court

(1) finds that there is...

(A) probable cause to believe that the person has committed a Federal, State, or local

crime while on release; or

(B) clear and convincing evidence that the person has violated any other condition of

release; and

(2) finds that...

(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

(B) the person is unlikely to abide by any condition or combination of conditions of release.

....If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.

18 U.S.C. Sec. 3148(b)(1).

In the case of a prosecution under 18 U.S.C. § 2252(a)(2), for distribution or receipt of child pornography, the Bail Reform Act raises a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.  *See* 18 U.S.C. § 3142(e)(3)(E).

## II.   NO CONDITIONS OF RELEASE EXIST TO ENSURE PUBLIC SAFETY

Based on the evidence presented at the June 21 hearing, the Court finds that Ash has failed to rebut the presumption that there is no condition or combination of conditions of release that will assure the public's safety.

The evidence shows that Ash, after being released by this Court on the condition that he not access the Internet or commit any federal, state, or local crime, proceeded to continue to access the Internet to view and download child pornography.  The child pornography that was downloaded by the sheriff from the computer found in Ash's home is similar to child

pornography found in Ash's collection in December 2012, which included very young children and sadistic behavior.   Ash also used the same user name that he admitted was his user name to view child pornography after his May 21 release.  Lastly, Ash admitted to his wife on June 18, when she asked if he was still "looking at that stuff" that he could not stop viewing it.  The fact that he not only continued to view child pornography, but made it available for others to download from his computer after his pretrial release, confirms he continues to be a danger to the public.  Given Ash's own actions while on pretrial release, and given this is a presumption case, the Court finds that Ash has failed to rebut the presumption and that there are no conditions or combination of conditions that will assure the public's safety.

## CONCLUSION

For the foregoing reasons, the Court finds that there is probable cause to believe that Ash has committed a Federal, State, or local crime while on release.  There is also clear and convincing evidence that Ash has violated another condition of release; specifically, the prohibition to access the Internet while on release.  The Court further finds that based on the factors set forth in Title 18, United States Code, Section 3142(g), there is no condition or combination of conditions of release that will assure that Ash does not pose a danger to the safety of any other person or the community or that he will otherwise abide by any condition or combination of conditions of release.  *See* 18 U.S.C. § 3148.

Accordingly, Ash's bail is hereby revoked and he is detained until further notice.

IT IS SO ORDERED.

DATED:  7/26/13

_____
HON. JOSEPH C. SPERO
United States Magistrate Judge

[PROPOSED] DETENTION ORDER
Crim. No. 13-00317 EMC                          4